D UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAMIRRA CAVANAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:22-CV-0324 |
| ) | |
| EZPAWN INDIANA, INC. ) | |
| d.b.a/ EZPAWN, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CAMIRRA CAVANAUGH, hereafter "Plaintiff," by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files hereafter her Complaint against the Defendant, EZPAWN INDIANA, INC., hereafter "Defendant," and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to §28 U.S.C. §1331, instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that

1

is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a female citizen of the United States, and is a qualified employee as defined under 29 U.S.C. §630(f) and a qualified employee as defined in 29 C.F.R. 825.800 (FMLA).

5. At all relevant times hereto Plaintiff was an "employee" of the Defendant.

6. The Defendant is a qualified employer as the term is defined in 29 U.S.C. §630(f) and a covered employer as the term is defined in 29 C.F.R. 825.104 (FMLA).

7. The Defendant is a Foreign for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

8. On or about December 23, 2019, Plaintiff filed charges of Disability Discrimination and retaliation for taking FMLA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-01085.

9. On or about February 9, 2022, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-01085, entitling her to commence an action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

10. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11. The Defendant hired Plaintiff on or about March 21, 2019.

12. Throughout her employment with Defendant, Plaintiff met or exceeded Defendant's legitimate expectations of performance.

13. The Plaintiff was hired on as Trainee, and at the time she completed her initial job training was promoted to the position of Pawnbroker in May of 2019.

14. On or about August 13, 2019, Plaintiff underwent surgery and was given medical restrictions by her doctor.

15. Plaintiff attempted to return to work with her restrictions the day after her surgery.

16. When Plaintiff returned to work and informed Defendant of her medical restrictions, Defendant informed her that she would not be able to fulfill her job duties.

17. Defendant informed Plaintiff that no alternative jobs were available and that she would need to apply for medical leave.

18. Plaintiff applied for, and was given, six weeks of medical leave.

19. In September of 2019, Plaintiff was notified that she would need to return to work in October or she would be terminated.

20. Plaintiff, to avoid losing her job, returned to her Doctor to get re-evaluated and off her work restrictions.

21. Plaintiff was released from her medical restrictions and attempted to return to work.

22. When Plaintiff attempted to return to work, she was told that her position was no longer available and that there were no open positions with the store she worked in.

23. Plaintiff was informed she could apply for other open positions with Defendant.

24. When Plaintiff applied for other positions, she discovered that there were open positions at the store she had been working in.

25. Soon after, Plaintiff received a letter regarding her 401(k) and was informed that her employment status had changed, and she had been terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF DISABILITY

Plaintiff, for her first claim for relief against Defendant, states as follows:

26. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-five (25) as though previously set out herein.

27. At all times relevant to this action, Plaintiff was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

28. The conduct as described hereinabove constitutes discrimination based on Plaintiff's disability.

29. The Defendant willfully and intentionally failed to accommodate Plaintiff's disability.

30. Defendant intentionally and willfully discriminated against Plaintiff because she is disabled and/or because she has a record of being disabled and/or because Defendant regarded her as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Plaintiff's rights as protected by the ADA.

32. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR TAKING LEAVE UNDER FMLA

Plaintiff, for her second claim for relief against Defendant, states as follows:

33. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-two (32) as though previously set out herein.

34. Defendant's termination of Plaintiff was in violation of her rights under the FMLA.

35. Defendant intentionally tried to interfere with Plaintiff's right to FMLA.

36. Defendant retaliated against Plaintiff for her use of benefits under the FMLA.

37. Defendant's actions were intentional, willful, malicious, and done in reckless disregard of Plaintiff's legal rights under the FMLA.

38. Plaintiff has suffered economic damages due to Defendant's unlawful acts.

39. Plaintiff has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Camirra Cavanaugh, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Plaintiff her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

    d.       Pay punitive damages;

    e.       Pay liquidated damages

    f.       Pay lost future wages

    g.       Pay All costs and attorney's fees incurred as a result of bringing this action;

    h.       Payment of all pre- and post-judgment interest;

    i.       Provide to Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Camirra Cavanaugh, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
Camirra Cavanaugh